UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 16-49-DLB-CJS

DOLORES JANE BODEN, et al.                                                                    PLAINTIFFS

v.                                                             ORDER

ST. ELIZABETH MEDICAL CENTER, INC., et al.                                      DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

I. Introduction

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. (Doc. # 96). In their Motion, Defendants argue that four of Plaintiff's seven claims should be dismissed. *Id*. However, whether Defendants are entitled to judgment as a matter of law on these claims is entirely dependent on whether the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA") applies to this lawsuit. Accordingly, Defendants' Motion, which asks the Court to assume for one motion that ERISA applies and dispose of several of Plaintiffs' claims, essentially requests an advisory opinion which the Court will not provide. For the reasons stated herein, Defendants' Motion is **denied** without prejudice with the right to refile at a later, more appropriate time.

II. Factual and Procedural Background

On March 17, 2016, Plaintiffs Dolores Boden, Jeanine Godsey, and Patricia Schaeffer filed this putative class action, alleging a variety of claims under ERISA. (Doc. # 1). Each of the Plaintiffs is a beneficiary or participant in the St. Elizabeth Medical

Center Employees' Pension Plan (the "Plan"), a defined-benefit pension plan funded by St. Elizabeth Healthcare.  (Doc. # 74 at 1-2).  Approximately one year into the litigation, the Court stayed this action pending a decision from the United States Supreme Court regarding ERISA's exemption for church plans.  *See Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652 (2017).  (Doc. # 60).  Following the Supreme Court's decision, and with the permission of the Court (Doc. # 73), Plaintiffs filed an Amended Complaint on August 1, 2017.  (Doc. # 74).

The first of Plaintiff's claims seeks a declaratory judgment, asking this Court to declare that the Plan is subject to ERISA's requirements, and not an exempt church plan, as defined in ERISA § 3(33).  (Doc. # 74 at 20).  Defendants, on the other hand, have maintained that the Plan is a church plan, and thus not subject to the litany of requirements laid out in ERISA.  (Doc. # 76 at 1).  In conjunction with their claim for declaratory relief, Plaintiffs allege four violations of ERISA—a violation of required reporting and disclosure provisions; a failure to provide the minimum required funding; a failure to establish the Plan pursuant to a written instrument; and breach of fiduciary duty—as claims two through five, respectfully.  (Doc. # 74 at 21-26).  In addition, Plaintiffs alternatively allege two state-law claims—for breach of fiduciary duty and for breach of contract—as claims six and seven, respectfully. *Id.* at 26-28.

### III.   Defendants' Motion for Partial Summary Judgment

On April 3, 2018, Defendants filed a Motion for Partial Summary Judgment, arguing that because the Plan is now fully funded—meaning, the ERISA minimum-funding standards have been met—they are entitled to judgment as a matter of law on Plaintiffs' ERISA underfunding claim, both the ERISA and the state-law breach-of-fiduciary-duty

2

claims, and the state-law breach-of-contract claim. (Docs. # 96 and 96-1). In their quest for judgment as a matter of law, Defendants concede—for purposes of this Motion only—that "it can be assumed the Plan is subject to ERISA's minimum funding requirements." (Doc. # 96-1 at 7).

Defendants' only-for-this-motion concession places the Court in a difficult position. If the Court were to grant Defendants' Motion with respect to either of the ERISA claims, and then after briefing determine that the Plan is indeed a church plan—exempt from ERISA's requirements—then the Court's efforts would have been for naught. And by the same token, the Court cannot grant Defendants' Motion and dispose of Plaintiffs' state-law claims without first determining whether these claims are preempted by ERISA. *See* ERISA § 514(a); 29 U.S.C. 1144(a). If the Court determines that Plaintiffs' state-law claims are preempted and dismisses them, and then after further briefing determines that ERISA is not applicable because the Plan is a church plan, it will have unnecessarily complicated this matter by prematurely dismissing two potentially viable causes of action.

Defendants' attempt to sidestep the crucial issue in this case—whether the Plan is a church plan—places the Court in the untenable position of being asked to render an advisory opinion on a hypothetical determination of critical facts. The Court declines to do so. Without a decision on whether the Plan is a church plan, the Court cannot resolve Defendants' Motion, and so the Motion must be denied as premature.

IV. **Conclusion**

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1) Defendants Motion for Partial Summary Judgment (Doc. # 96) is hereby

3

**denied** without prejudice with the right to refile; and

(2)     Within twenty (20) days of this Order, the parties **shall** file a **joint status report**, informing the Court of any necessary and incomplete discovery and proposing a briefing schedule for the adjudication of the discrete issue of whether the Plan is a church plan and therefore not subject to ERISA.

This 14th day of August, 2018.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\Cov16\16-49 Order Denying MSJ as premature.docx