UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 16-49-DLB-CJS

DOLORES JANE BODEN, et al.                                                    PLAINTIFFS

v.              **MEMORANDUM OPINION AND ORDER**

ST. ELIZABETH MEDICAL CENTER, INC, et al.                                     DEFENDANTS

* * * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Reconsideration (Doc. # 102) of the Court's April 4, 2018 Order (Doc. # 100) denying Defendant's Motion to Dismiss Count Five of the Amended Complaint against Defendants Garren Colvin, John Dubis, Randall Foltz, Nathan Van Laningham, Glenn Loomis, Daniel Rutterer, and Sarah Giolando ("Former Committee Members" or "Movants") pursuant to Federal Rule of Civil Procedure 54(b). The Court has reviewed Defendant's Motion, as well as its prior Order and recent case law, and has determined that the Defendant's Motion for Reconsideration is procedurally improper. For the following reasons, Defendant's Motion for Reconsideration is **denied**.[1]

## II. PROCEDURAL HISTORY

On March 17, 2016 Jane Boden, Jeanine Godsey, and Patricia Schaefer, ("Plaintiffs") filed this putative class action suit alleging, *inter alia*, violations of the

---

[1] The factual background surrounding this action contained in the Court's previous Order (Doc. # 100) is hereby incorporated by reference into this Memorandum Opinion and Order.

1

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA") by St. Elizabeth's Medical Center, Inc., St. Elizabeth Medical Center Employees' Pension Plan Administrative Committee, and several individuals involved in the administration of St. Elizabeth's Pension Plan ("Defendants"). This case was stayed, pending resolution of *Advocate Health Care Network v. Stapleton*, a United States Supreme Court case regarding ERISA's exemption for churches. 137 S.Ct. 1652 (2017). Upon resolution of the *Stapleton* case, the Court allowed Plaintiffs to file an Amended Complaint on August 1, 2017. (Docs. # 73 and 74). The Amended Complaint included claims against St. Elizabeth Medical Center, Inc., "and the individual members of the St. Elizabeth Medical Center Employees' Pension Plan Administrative Committee concerning the St. Elizabeth Medical Center Employees' Pension Plan." (Doc. # 74 ¶ 1) (parentheticals omitted).

On August 11, 2017, Former Committee Members filed a Motion to Dismiss all claims against them. (Doc. # 77). Plaintiffs filed a response on September 13, 2017 (Doc. # 80), and the Former Committee Members replied on September 21, 2017 (Doc. # 83). The Court filed a Memorandum Opinion and Order (Doc. # 100) on April 4, 2018 granting the Motion to Dismiss with regards to Counts Two, Three, Four, Six, and Seven, but denying the Motion to Dismiss for Counts One and Five.

The Former Committee Members filed a Motion for Reconsideration on April 17, 2018 asking the court to reconsider its ruling on Count Five. (Doc. # 102). The Motion is fully briefed (Docs. # 104 and 108), and ripe for the Court's review.

## III. ANALYSIS

### A. Standard of Review

It is clear that "[d]istrict courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. TN Laborers Health & Welfare Fund,* 89 Fed. App'x 949, 952 (6th Cir. 2004). This authority arises under Federal Rule of Civil Procedure 54(b) and common law, and generally provides for reconsideration under three circumstances—"when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* at 959.

Those arguments that can be raised in a motion for reconsideration, however are limited. "A motion for reconsideration is not a vehicle to re-hash old arguments." *Libertarian Nat'l Comm. v. Holiday*, 2017 WL 4002709, at *3 (E.D. Ky. Sept. 11, 2017). *See also Moore v. U.S. Dep't Agric.*, 2018 WL 1612299, at *2, *4 (6th Cir. Jan. 31, 2018) (finding the district court did not err when denying a motion for reconsideration after the district court noted that the movant "merely reiterated his original argument"); *Shah v. NXP Semiconductors USA, Inc.*, 507 Fed. App'x 483, 495 (6th Cir. 2012). Disagreement with a ruling is also insufficient to warrant granting a motion to reconsider. *See, e.g.*, *Chad Youth Enhancement Ctr., Inc. v. Colony Nat. Ins. Co.*, 2010 WL 2253538, at *1 (M.D. Tenn. June 1, 2010). Further, "[i]t is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Shah*, 507 Fed. App'x at 495 (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g.*, 477 F.3d 383, 395 (6th Cir. 2007)).

### B. Pleading Standard Argument

Movants argue that the Court's Order (Doc. # 100) must be reconsidered on the basis of *Hollowell v. Cincinnati Ventilating Co.*, 711 F. Supp. 2d 751 (E.D. Ky. 2010). (Doc. # 102-1 at 2). Movants' arguments premised on *Hollowell* regarding the pleading standard, however, cannot be considered by the Court in deciding this Motion for Reconsideration. *Id.* *Hollowell* was decided in 2010, and Movants have provided no explanation for why this argument could not have been raised in their initial Motion to Dismiss (Doc. # 77) and Reply (Doc. # 83) which were submitted to the Court on August 11, 2017 and September 21, 2017, respectively. *Id.* Accordingly, the Court is unwilling to entertain the *Hollowell* argument. The Court sees this argument as a clear attempt to get a second bite at the apple, contest the Court's finding that sufficient facts had been pled by the Plaintiffs (Doc. # 100 at 13), and achieve a favorable ruling on the Motion to Dismiss (Doc. # 77); this is improper in a Motion for Reconsideration. *See Shah*, 507 Fed. App'x at 495.

### C. Standing Argument

Movants put forth two reasons for the Court to reconsider its finding of standing. First, Movants suggest that the Court clearly erred in its reading of *Soehnlen v. Fleet Owners Insurance Fund*, 844 F.3d 576 (6th Cir. 2016). (Doc. # 108 at 1-2). The Court understands the complexity of this issue and will take the opportunity to provide clarity on the Court's prior standing ruling. *See* (Doc. # 100). Movants also argue that reconsideration is required on the basis of *Duncan v. Muzyn*—a recently decided Sixth Circuit case. 885 F.3d 422 (6th Cir. 2018); (Doc. # 102). The Court will address each

4

argument in turn, and finds, based on the discussion *infra*, that neither is proper grounds for reconsideration at this stage of the litigation.

*Soehnlen* provides necessary guidance to the Court in determining standing in the context of breach-of-fiduciary-duty claims under ERISA. 844 F.3d at 584-85. As noted in the Court's previous opinion, *Soehnlen* finds that when plaintiffs "bring[ ] an action for monetary relief, even one brought derivatively on behalf of a plan, [plaintiffs] must personally satisfy the requirements of Article III." *Id.* at 584 (citing *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 609 (6th Cir. 2007)). When plaintiffs seek injunctive relief on behalf of a plan for breach of fiduciary duty under ERISA § 502(a)(2) (29 U.S.C. § 1132(a)(2)), however, the Sixth Circuit suggests that the standing requirements are different. *See Soehnlen*, 844 F.3d at 584-85.

In this case, Plaintiffs appear to seek, *inter alia*, injunctive relief. (Doc. # 74 ¶¶ 105-112, 141-148). While the Court previously mischaracterized the relief sought as monetary damages, *see* (Doc. # 100 at 13), this mischaracterization was inconsequential to the Court's analysis. As discussed below, given the type of relief sought by Plaintiffs, the Court was not incorrect in allowing *Soehnlen* to guide its standing analysis and, therefore, reconsideration on that ground is improper.

The Court in *Soehnlen* recognized that plaintiffs in an ERISA action can sue under ERISA § 502(a)(2) (29 U.S.C. § 1132(a)(2)) "for breach of fiduciary duty … in order to 'seek recovery on behalf of the plan.'" 844 F.3d at 584 (quoting *Loren*, 505 F.3d at 608). Specifically, "ERISA imposes on plan fiduciaries a duty to act in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of ERISA." *Soehnlen*, 844 F.3d at 585. In

5

order to have standing on behalf of a plan, plaintiffs must show "which specific fiduciary duty or specific right owed to them was infringed" and must show "actual or imminent injury to the [p]lan itself;" it is not enough to simply show the governance of the plan is inconsistent with ERISA or an exposure of the plan to "prospective liability". *Id.* For example, "misconduct by the administrators of a benefit plan can create [such] an injury [to the plan] if 'it creates or enhances a risk of default by the entire plan.'" *Id.* (quoting *LaRue v. DeWolff, Boberg & Assocs.*, 552 U.S. 248, 255 (2008)). In other words, the Sixth Circuit suggests that plaintiffs bringing a breach-of-fiduciary-duty claim for injunctive relief on behalf of a plan under ERISA need not show injury particularized to each plaintiff, but rather must show a specific injury to the plan. *Soehnlen*, 844 F.3d at 585 (finding no standing because "[p]laintiffs make no showing of actual or imminent danger to the plan itself").

The Sixth Circuit recently reaffirmed its decision in *Soehnlen*, reiterating that, "we held that a class of plaintiffs did not have Article III standing to challenge their plan's benefit caps because they alleged procedural violations of ERISA 'without showing which specific fiduciary duty or specific right owed to them was infringed.'" *Springer v. Cleveland Clinic Emp. Health Plan Total Care*, 900 F.3d 284, 288 (6th Cir. 2018) (quoting *Soehnlen*, 844 F.3d at 585). The *Soehnlen* plaintiffs were not successful because they "did not assert that they exercised any right under the plan that would be impeded by its noncompliance with ERISA," but merely "allege[d] bare procedural violations [pecuniary limitations] unconnected to an individual right under the plan." *Springer*, 900 F.3d at 288.

Additionally, contrary to Movants' suggestion, their Motion cannot be granted on the basis of *Duncan*. 885 F.3d 422. A comparison of the approach to standing taken in

*Duncan* and *Soehnlen* highlights the necessity of the Court first determining the applicability of ERISA to the Plan. *Compare Duncan*, 885 F.3d 422 (dealing with a public pension plan not governed by ERISA), *with Soehnlen*, 844 F.3d 576 (dealing with a plan governed by ERISA). Briefing on whether ERISA applies to the Plan at issue in this case is forthcoming, and, therefore, a ruling on the applicability of *Duncan* is not yet proper.

Movants also rely on *Lee*, a Fifth Circuit case cited in *Duncan*. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523 (5th Cir. 2016). The Court welcomes the opportunity to further explain the assertion in the Court's previous opinion that *Lee* fails to follow the Sixth Circuit's approach to standing and is not binding on this Court. *See* (Doc. # 100 at 11). The discussion in *Lee* focuses on determining what type of concrete harm to the *plaintiff*—not the plan—is sufficient to support standing; additionally, the *Lee* court does not find that "plan participants may bring suit in a quasi-representative capacity, satisfying Article III's injury-in-fact requirement via an injury to the Plan." *Lee*, 837 F.3d at 547. This holding is contrary to the approach taken in *Soehnlen*, where the Sixth Circuit held that Plaintiffs may bring suit on behalf of an ERISA-governed plan, and, if seeking injunctive relief, specific injury to the plan is sufficient to support a finding of standing. *Soehnlen*, 344 F.3d at 585. In *Soehnlen* it is clear that a finding of individual injury to support standing is only necessary when bringing a suit for monetary damages. *Id.* at 584. Further, the approach taken in *Lee*, which completely precludes standing based on injury to the plan, is unworkable given the purpose and requirements of ERISA § 502(a)(2) (29 U.S.C. § 1132(a)(2)) as explained in this Court's initial Opinion and Order. *See* (Doc. # 100 at 12-13). Therefore, the Court did not err by failing to follow *Lee* in it's previous Opinion. (Doc. # 100).

7

The mention of *Lee* in *Duncan* that is referenced by Movants, *see* (Doc. # 102-1 at 11), does not signal the Sixth Circuit's intention to overrule the analytical approach to ERISA breach-of-fiduciary-duty claims articulated in *Soehnlen* and preclude a finding of standing based on injury to a plan.[2] *See Duncan,* 885 F.3d at 429; *Lee,* 837 F.3d at 545, 547. Rather, it evidences the Sixth Circuit's agreement with *Lee's* approach to evaluating harm to participants but has no impact on the Circuit's approach to determining harm to a plan. *Id.* As such, Movants are mistaken in asserting that "the Sixth Circuit in *Duncan* adopted the rationale of *Lee*." (Doc. # 102-1 at 11). Again, however, the applicability of ERISA is a threshold issue in determining whether *Duncan* or *Soehnlen* governs the standing analysis in this case.

As with their previous Motion for Partial Summary Judgment (Doc. # 96), Movants' Motion to Reconsider (Doc. # 102) attempts to "sidestep the crucial issue in this case— whether the plan is a church plan—places the Court in the untenable position of being asked to render an advisory opinion on a hypothetical determination of critical facts." (Doc. # 113 at 3). The Court previously found standing for Plaintiffs, *see* (Doc. # 100), and declines to reconsider the applicability of *Duncan* until a determination has been made regarding ERISA's application to the Plan. Accordingly, the Court finds that this Motion must be denied as premature as the Court has yet to decide whether ERISA governs the Plan.

### D. Clarification of Memorandum Opinion and Order (Doc. # 100)

The Court wishes to take this opportunity to correct a typographical error inadvertently included in its prior Opinion and Order (Doc. # 100). The Federal Rules of

---

[2] The citation in *Duncan* references *Lee's* discussion of "direct harm to participants" rather than "harm to [the] plan." *See Duncan,* 885 F.3d at 429; *Lee,* 837 F.3d at 545, 547.

8

Civil Procedure permit the Court to take this measure. Fed. R. Civ. P. 60(a). In the Court's previous Opinion and Order (Doc. # 100), Defendant Chris Carle was mistakenly substituted for Defendant John Dubis. As it was John Dubis, not Chris Carle, who moved for dismissal, *see* (Doc. # 77), the Court clarifies that the Motion for Judgment on the Pleadings as to Counts Two, Three, Four, Six, and Seven is granted as to Defendant John Dubis, and vacated as to Defendant Chris Carle.

IV. **CONCLUSION**

Therefore, for the reasons articulated herein, and the court being otherwise fully and sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Defendant's Motion for Reconsideration (Doc. # 102) is **DENIED**;

(2) The Motion to Dismiss Counts Two, Three, Four, Six, and Seven (Doc. # 77) is **GRANTED** as to **Defendant John Dubis**; and

(3) The Motion to Dismiss Counts Two, Three, Four, Six, and Seven (Doc. # 77) is **VACATED** as to **Defendant Chris Carle**.

This 5th day of October, 2018.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\Cov2016\16-49 MTR MOO.docx

9